IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Respondent,                            No. CR S-07-0071 KJM DAD P

     vs.

RONALD TAYLOR

     Movant.                             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 48.) Therein, he contends relief is appropriate on any of four grounds: (1) his plea of guilty was unlawfully induced; (2) he was never advised of the elements of the commitment offense or of the minimum or maximum sentence until after he entered his plea; (3) he did not enter his plea knowingly, voluntarily and intelligently with an understanding of the full nature of the charges and consequences of the plea; and (4) he received ineffective assistance of counsel. Respondent has opposed the application, moving to dismiss or in the alternative for summary judgment, arguing that petitioner filed his motion to vacate his sentence beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). (Doc. No. 51.) Movant has not filed a reply.

/////

I.    Procedural Background

On January 14, 2008, movant entered a plea of guilty as to Count One of the Indictment, which charged him with violating 18 U.S.C. § 2252(a)(4)(B).  (See Doc. No. 29.) The written plea agreement, which movant signed, included a waiver of his right to appeal his conviction and sentence.  (Doc. No. 31.)  On April 18, 2008, the assigned district judge sentenced movant to eighty-four months of imprisonment and sixty month term of supervised release.  (Doc. No. 39.)  The court entered judgment on April 29, 2008.  (Doc. No. 40.)

II.   Legal Standard

Title 28 U.S.C. § 2255(a) states that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed sentence to vacate, set aside or correct the sentence."  A court that receives a motion filed under § 2255 "must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and files and records of the case conclusively show that the petitioner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted).  To earn the right to a hearing, therefore, a movant must make specific factual allegations that, if true, would entitle him to relief.  Id.  Merely conclusory statements are insufficient to warrant a hearing under § 2255. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

In addition, 28 U.S.C. § 2255(f) sets a one-year limitations period on the filing of a motion under the statute.  That one-year period runs from the latest of:

/////

/////

(1)   The date on which the judgment of conviction becomes final;

(2)   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III.   Analysis

In its motion to dismiss the pending application for relief, the government states that "[o]f these four possible dates [listed in 28 U.S.C. § 2255(f)] . . . the only one that is relevant is the date the sentence became final on April 29, 2008." Motion (Doc. No. 51) at 5. Movant has not responded to the motion to dismiss with any showing that a date other than the finality of judgment against him should apply in calculating the statue of limitations in this case, nor does anything in his motion to vacate his sentence or the record at large suggest a date later than that should be applied in assessing the timeliness of the application. The court finds, therefore, that 28 U.S.C. § 2255(f)(1) is the applicable provision for determining when the statute of limitations began to run for the filing of movant's application for relief.

Contrary to the government's calculation that the statute of limitations began to run on April 29, 2008 when the judgment was entered, the judgment did not become final until May 10, 2008. Although movant waived his right to appeal his conviction and sentence, a judgment in district court is not final until the day after the time for filing of a notice of appeal has expired. See Moria-Farias v. United States, Nos. CV F 04-5944 AWI, CR F 01-5151 AWI, 2007 WL 1865857 at *2 (E.D. Cal. June 28, 2007). In 2008, when movant was convicted, the window for filing a notice of appeal was open for ten days after

the entry of judgment against him.  See Fed. R. App. P. 4(b)(1)(A).[1]  Movant's last day to file a notice of appeal in this case was therefore April 9, 2008.  His judgment became final, and his time to file a motion under § 2255 began to run, the next day, on April 10, 2008.  Absent any tolling, the time to move for relief under the statute expired no later than April 11, 2009.  However, movant did not file his motion to vacate his sentence until October 26, 2009, approximately six-and-a-half months after the statute of limitations for doing so had expired.

Because the record presents no other plausible starting date for the limitations period imposed by 28 U.S.C. § 2255(f)(1), the statute of limitations had run before movant filed his motion to vacate, set aside or correct his sentence.  Moreover, there is nothing in the record before the court suggesting any basis upon which movant would be entitled to the tolling of the statute of limitations.  Therefore, the motion for relief under § 2255 should be denied as untimely.

IT IS HEREBY RECOMMENDED that:

1.  Movant's October 26, 2009, motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 48) be denied; and

2.  The Clerk of the Court be directed to close the companion Civil Case No. 2:09-cv-3018.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are

/////

---

[1] In 2009, the time for a criminal defendant to file a notice of appeal was expanded to fourteen days after the entry of judgment.

advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm/tayl0071.257